UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARCELINO CHAVEZ SAUCEDO, )
                                                        ) CASE NO. C04-2344-RSM-MAT
      Petitioner, )
                                                        )
  v. )
                                                        ) REPORT AND
GEORGE MORONES, *et al.*,[1] ) RECOMMENDATION
                                                        )
      Respondents. )
_____)

## INTRODUCTION

On November 19, 2004, petitioner filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("BICE") pursuant to the mandatory detention provision of the Immigration and Nationality Act ("INA") § 236(c), 8 U.S.C. § 1226(c). Petitioner argues that his detention is not authorized under section 236(c) because immigration officials did not take him into custody for removal proceedings when he was released from incarceration on the underlying offense as required by the statute. (Dkts. #1 and #2). Respondents moved to dismiss, arguing that

---

[1] Pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. §§ 101, *et seq.*, alien detention, deportation, and removal functions were transferred from the Department of Justice to the Department of Homeland Security ("DHS") on March 1, 2003. 6 U.S.C. § 251 (2002). Within the DHS, the former Immigration and Naturalization Service ("INS") was reorganized into three bureaus serving separate functions. The Bureau of Immigration and Customs Enforcement ("BICE") is now responsible for deportations and investigations.

REPORT AND RECOMMENDATION
PAGE – 1

mandatory detention applies regardless of when the subject is taken into custody. (Dkt. #16 at 4).

Having reviewed the entire record, I recommend that the Court GRANT petitioner's habeas petition, and DENY respondents' motion to dismiss.

## BACKGROUND

Petitioner Marcelino Chavez Saucedo is a native and citizen of Mexico. He has lived in the United States since approximately 1984. He is married to a U.S. citizen and together they have one U.S. citizen child. Petitioner's father is a U.S. citizen, and his mother is a lawful permanent resident. On August 15, 1997, petitioner became a lawful permanent resident. (Dkt. #15 at R35).

On May 1, 2003, petitioner was convicted in Jackson County, Oregon, of possession of methamphetamine in violation of Oregon Revised Statute § 475.992(4). He was sentenced to eighteen months probation and ten days confinement. Petitioner was released from state custody on or about May 18, 2003. (Dkt. #15 at R34).

On October 19, 2004, immigration officers arrested petitioner at his place of employment in White City, Oregon, and transported him to the Northwest Detention Center in Tacoma, Washington. (Dkt. #15 at R31). At the same time, the BICE issued a Notice to Appear, placing petitioner in removal proceedings, and alleging removability for having committed a crime relating to a controlled substance in violation INA §237(a)(2)(B)(i). (Dkt. #15 at R35). On November 15, 2004, the Immigration Judge ("IJ") determined that petitioner was not eligible for release on bond because his detention is mandated under INA § 236(c). Petitioner reserved appeal of the IJ's order. (Dkt. #15 at L58).

On November 19, 2004, petitioner filed the instant habeas petition, along with a motion for a temporary restraining order ("TRO"). (Dkts. # 1-4). On December 17, 2004, the Honorable Ricardo S. Martinez granted petitioner's motion for a TRO, directing the BICE to temporarily release petitioner from custody within seven court days of the date of the Order on conditions to be set by the BICE. (Dkt. #14). On December 22, 2004, respondents filed their Return and Status Report ("RSR"), along with a motion to dismiss. (Dkt. #16). The briefing is now complete and the

REPORT AND RECOMMENDATION
PAGE – 2

petition and motion to dismiss are ready for review.

## DISCUSSION

The sole question presented is whether petitioner is subject to mandatory detention under INA § 236(c). That statute states as follows:

> **(c) Detention of criminal aliens.** (1) Custody. The Attorney General shall take into custody any alien who –
> (A) is inadmissible by reason of having committed any offense covered in section 212(a)(2) [8 USCS §§ 1182(a)(2)],
> (B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) [8 USC § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)],
> (C) is deportable under section 237(a)(2)(A)(i) [8 USC § 1227(a)(2)(A)(i)] on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 212(a)(3)(B) [8 USC § 1182(a)(3)(B)] or deportable under section 237(a)(4)(B) [8 USC §§ 1227(a)(4)(B)],
> **when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

INA § 236(c), 8 U.S.C. § 1226(c) (emphasis added). Petitioner argues that he is not subject to mandatory detention under INA § 236(c) because he was not taken into immigration custody when he was released from state custody as required by the express language of the statute. Since he was not arrested by the BICE until October 14, 2004 – nearly sixteen months after his release from state custody – he maintains that his detention under section 236(c) is unlawful. (Dkts. #1, #2, and #18). In support of his argument, petitioner cites a number of decisions from this and other jurisdictions that have found that, under the plain meaning of the statute, mandatory detention does not apply to criminal aliens if they are not taken into immigration custody immediately after being released from incarceration. *See Quezada-Bucio v. Ridge,* 317 F. Supp. 2d 1221 (W.D. Wash. 2004)*; Pastor-Camarena v. Smith*, 977 F. Supp. 1415 (W.D. Wash. 1997); *see also Boonkue v. Ridge*, 2004 WL 1146525 (D. Or. 2004); *Tenrreiro v. Ashcroft*, 2004 WL 1354277, *vacated and transferred*, 2004 WL 1588217 (D. Or. 2004); *Alikhani v. Fasano,* 70 F. Supp. 2d 1124 (S.D. Cal. 1999); *Alwady v. Beebe,* 43 F. Supp. 2d 1130 (D. Or. 1999); *Velasquez v. Reno,* 37 F. Supp. 2d 663 (D.N.J. 1999).

Respondents argue that the Court's decision in *Quezada-Bucio* was wrongly decided, and that

REPORT AND RECOMMENDATION
PAGE – 3

the Court should not follow it. Respondents argue that the Court should instead follow the Board of Immigration Appeals' ("BIA") decision in *In re Rojas*, 23 I & N Dec. 117 (BIA 2001), which found that section 236(c) was ambiguous, and interpreted the mandatory detention provision to apply no matter when the subject is taken into custody. *In re Rojas*, 23 I & N Dec. at 125; *see also In re Padilla-Vargas*, 2004 WL 2943509 (BIA 2004); *In re Nobles*, 21 I & N Dec. 672 (BIA 1997). Respondents contend that this Court should give deference to the BIA decisions. (Dkt. #16). The Court disagrees with respondents.

The phrase "when the alien is released" has been the subject of statutory interpretation in several previous cases, including two published decisions by this Court. In *Quezada-Bucio v. Ridge*, a case nearly identical to the present one, this Court determined that "the mandatory detention statute, INA § 236(c), does not apply to aliens who have been taken into immigration custody several months or years after they have been released from state custody." *Quezada-Bucio*, 317 F. Supp. 2d at 1231 (finding that petitioner who was released from state custody and was not taken into immigration custody until three years later was not subject to mandatory detention under INA § 236(c)); *see also Pastor-Camarena v. Smith*, 977 F. Supp. 1415, 1417 (W.D. Wash. 1997) (holding that the plain meaning of the statute indicates that INA § 236(c) applies to aliens immediately after release from custody, and not to aliens released many years earlier). As the Court previously explained,

> 'the clear language of the statute indicates that the mandatory detention of aliens 'when' they are released requires that they be detained at the time of release. *Alikhani*, 70 F. Supp. 2d at 1130. . . . [I]f Congress had intended for mandatory detention to apply to aliens at any time after they were released, it could easily have used the language '*after* the alien is released,'' 'regardless of when the alien is released,' or other words to that effect. Instead Congress chose to use the word 'when,' which connotes a much different meaning.

*Quezada-Bucio*, 317 F. Supp. 2d at 1230. The Court finds, as in *Quezada-Bucio*, that Congress intended mandatory detention to apply only to those aliens taken into immigration custody immediately after their release from state custody. *Id.*

REPORT AND RECOMMENDATION
PAGE – 4

The Court also disagrees with respondents that the BIA's decision in *In re Rojas*, 23 I & N Dec. 117 (BIA 2001), and its progeny should be accorded deference. (Dkt. #16 at 4). The United States Supreme Court has held that the federal courts should defer to an agency decision only if the statute, "applying the normal 'tools of statutory construction,' is ambiguous." *INS v. St. Cyr*, 533 U.S. 289, 307, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001)(citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 n.9, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)). As determined above, the plain language of section 236(c) is not ambiguous.

Accordingly, the Court agrees with petitioner that the mandatory detention statute does not apply to him because he was not taken into immigration custody when released from state custody, as required by the express language of the statute. *Quezada-Bucio*, 317 F. Supp. 2d at 1231; *Pastor-Camarena*, 977 F. Supp. at 1417. The Court also agrees that petitioner is entitled to an individualized bond hearing pursuant to the general release terms of INA § 236(a). (Dkt. #18 at 5).

## CONCLUSION

Based on the foregoing analysis, the Court should GRANT petitioner's Petition for Writ of Habeas Corpus (Dkt. #1) and DENY respondents' motion to dismiss (Dkt. #16). This matter should be remanded to the Seattle Immigration Court with instructions to provide petitioner with an individualized bond hearing pursuant to INA § 236(a) within 30 days of the date of this Order.

DATED this  2nd  day of February, 2005.

s/ Mary Alice Theiler
United States Magistrate Judge